1236.27, Corn Products v. YRCona Council, you may proceed. May it please the appellate court, Mr. Iacona, my name is Ralph Berkey, I represent Corn Products International, the appellant. We're here to ask the court to confirm the Industrial Commission, excuse me, Workers' Compensation Commission's decision of March 9, 2012, affirming Arbitrator Palia's July 29, 2011, denial of a... Is there a jurisdictional issue here? You want to tell us why we have jurisdiction? Do you hear this case? We have a final decision. What's the final decision? What did he order? It was on procedural grounds that there's a denial of a petition to reinstate, which is a dispositive motion. Yes. And what did he order? He ordered reverse the Commission's decision, which means what? It has to go back to the Commission for a hearing on all issues. I beg your pardon, Your Honor, you're referring to the circuit court. Yeah, what I'm saying is what's our jurisdiction? I see. The Industrial Commission's decision was appealed to the circuit court... We understand... ...whereas Judge Brennan reversed the Commission, saying that it abused its discretion in denying... In denying the petition to reinstate, meaning the case is now reinstated. What happens to it? We are appealing her decision. You can't appeal it if it's not a final order. Okay. So the question becomes... Should she simply have remanded it? No. No. First of all, if the Commission denied the petition to reinstate, it's a dismissed case. Right. They appealed that, saying the Commission abused its discretion... Correct. ...in failing to reinstate the case. The circuit court then reverses the Commission's denial. What is the status of the case at that point in time? It necessarily has to go back to the Commission for a hearing on all issues. So you are saying that you simply have no jurisdiction because the order of the Commission... No. ...has not been... The order of the circuit court... Right. ...was a remand order. Right. But we are then, therefore, awaiting a second decision of the Commission... You have to get a decision... ...before the proceedings. You have to get a decision of the Commission... I understand. ...and then you can come back to us and say she erred when she ever vacated the DWP... In that case... ...for these reasons. In that case, the case is simple and it can simply return to the Commission... Yes. Now, there is one other thing that you guys might want to take a look at. There may be a backdoor into these cases through 306. You don't use it. You use 301. 306 says if a case is remanded for trial de novo to an administrative agency, that can be a 306 appeal. I don't know that we would view this as a remand for a trial de novo because there was no trial to begin with. There was no trial to begin with and that's why 301 was selected. Our big problem here is that mine is a jurisdictional issue. No jurisdiction here in the case at this juncture. If that will be the ruling of the court, then we can save a lot of time and simply go back to the Commission. I believe that. If I have that sentiment from the court, then I think you do. We can't either decide any case without jurisdiction. That's just axiomatic and it appears from the whole procedural posture of this case at this present time that Justice Hoffman is well summarized that we are without jurisdiction here. Will that be a Rule 23 order? Yeah, it'll come out as a 23. Yeah, we'll issue it as a 23. Okay. In that case, I have nothing further to say. Having received the ruling of the court from the bench, we will simply return to the Commission. Very well. Thank you, counsel. Thank you. I know sometimes this comes as a surprise, but we have to examine at any point in the case. You might be interested to know that I did not handle this case until the appeal. So noted. Thank you, counsel. Thank you. There will be a written order issued. Thank you.